UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRYAN FERNANDEZ, et al.,                               :

                Plaintiffs,            :          16 Civ. 2762 (GWG)

   -v.-                                                              :          ORDER

HR PARKING INC., et al.,                                 :

                Defendants.          :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      This Order addresses the motion to quash (Docket # 160) filed by defendants Open Road of Manhattan, Michael Morais and Rodman Ryan (the "Open Road Defendants"). The Open Road Defendants seek to quash a trial subpoena served on Ryan. See Defendants' Brief in Support (Docket # 160-2), at 1. They argue that Ryan would be subjected to an undue burden if he had to "appear at trial without having knowledge, or interaction with the Plaintiffs or the Co-Defendants." Id. at 2. They argue that Ryan will have no relevant testimony to offer "because to [sic] Mr. Ryan's lack of involvement in the matter." Id. at 4. To support these arguments, Ryan has submitted an affidavit, in which he affirms that he has not had contact with either the plaintiffs or co-defendants HR Parking and Nelson Rodriguez. Affidavit of Rodman Ryan (Docket # 160-5) ¶ 4.

      These arguments do not establish that the subpoena would subject Ryan to an undue burden. Ryan admits in his affidavit that he is the owner of Open Road Auto Group. Affidavit ¶ 1. He does not deny knowledge of the contract Open Road had with HR Parking; rather, he simply denies knowing that HR Parking "was not properly compensating its employees." Id. ¶ 6. His asserted lack of contact with the plaintiffs does not establish that he cannot be held liable as an employer of plaintiffs. As the Second Circuit has stated, "[n]othing in . . . the FLSA itself, requires an individual to have been personally complicit in FLSA violations" to be liable for those violations. Irizarry v. Catsimatidis, 722 F.3d 99, 110 (2d Cir. 2013). In fact, "the broad remedial purposes behind the statute counsel against such a requirement. The statute provides an empty guarantee absent a financial incentive for individuals with control, even in the form of delegated authority, to comply with the law, and courts have continually emphasized the extraordinarily generous interpretation the statute is to be given." Id. Rodman's affidavit does not demonstrate that he lacks any relevant testimony as to his liability in this case. Accordingly, requiring his appearance pursuant to the subpoena would not impose an undue burden. The motion to quash (Docket # 160) is denied.

SO ORDERED.

Dated: June 17, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge